UNION SQUARE BANK of the City of New York, Respondent, *v.* CHARLES HELLERSON, Appellant, Impleaded with Others.

*Bills and notes — accommodation indorser — diversion of the note — an attorney acting for both sides — his knowledge is not imputable to one for whom he was not acting at the time he acquired it.*

In an action brought upon a promissory note the defendant Charles Hellerson interposed a defense to the effect that he indorsed the note for the accommodation of the maker, the defendant Hammersen, and solely for the purpose of having it deposited with Fromme Brothers, lawyers; that it was expressly agreed that the note should never be used as a legal obligation of Hellerson; and that the plaintiff, Fromme Brothers, and one Manning, the plaintiff's assignor, each had notice of such facts, and that the transfer of the note by Manning to the plaintiff was without valuable consideration and with notice of its diversion from the purpose for which it was indorsed by Hellerson.

Upon the trial of the action it appeared that Fromme Brothers were prosecuting a claim of the plaintiff against John B. Manning, and that at the same time Hammersen was purchasing a brewery of Manning, in which latter transaction Fromme Brothers were acting as attorneys for Hammersen. The note was transferred before maturity by Hammersen to Manning to pay for the brewery and by Manning to the plaintiff, which thereupon surrendered certain shares of stock which it held as collateral for its claim. Hammersen testified that he told Mr. Fromme that Hellerson was an accommodation indorser, but his testimony did not show that he told Mr. Fromme that the note was not to be used.

*Held,* that, as in the transaction relative to the brewery Fromme was not acting for the plaintiff, but for Hammersen, whatever knowledge Fromme acquired in that transaction from Hammersen as to the nature of Hellerson's indorsement could not be imputed to the plaintiff; and that the plaintiff was entitled to recover.

APPEAL by the defendant, Charles Hellerson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of New York on the 29th day of March, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order bearing date the 29th day of March, 1895, entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Eugene K. Sackett*, for the appellant.

*A. L. Fromme*, for the respondent.

Van Brunt, P. J.:

This action is brought by the plaintiff as holder of a note made by the defendant Hammersen indorsed by the defendants Hellerson and Manning and transferred to the plaintiff before maturity and for value. The defendant Hellerson alone answered, and after some denials set up for a separate defense that he indorsed the note at the request of the defendant Hammersen for his accommodation, and solely for the purpose of depositing the same with Fromme Brothers, lawyers, of the city of New York, and that it was expressly agreed that said note should never be used as a legal obligation of the defendant Hellerson, and that said Hellerson should in no case be required to pay the same, and that the note was indorsed and delivered to Hammersen without any consideration and upon the conditions above mentioned. The answer further alleged that Fromme Brothers and the defendant Manning and the plaintiff had notice of these facts, and that the transfer of the note by Manning to the plaintiff was without valuable consideration and with notice of the diversion of the same from the purpose for which it was indorsed by Hellerson.

The evidence in the action showed that Fromme Brothers were prosecuting a claim as attorneys of the plaintiff against John B. Manning; that Hammersen and Manning had made a trade in respect to a brewery, and Hammersen was in arrears in his payments to Manning, and that Fromme Brothers were the attorneys for Hammersen in the transaction. It appears that Hammersen was desirous of getting a deed of the brewery property which had not been delivered by Manning, and Hammersen testified that one of the Frommes said to him : " If you have a good friend to indorse one or two notes

FIRST DEPARTMENT, NOVEMBER TERM, 1895.        [Vol. 90.

of about $5,000, I have a claim against Manning from the Union Square Bank, and I can please the Union Square Bank and upon the other side please Manning," and that he went to Hellerson and said: "My lawyer said if I got the indorsement on this note he is willing to hold this note in his hands so I could get a clear deed and a quick business in dealing with Mr. Manning." He further testified that Fromme said he would hold the note and that it would not be used upon any payment. He further testified that he did not give this note in part payment of the brewery, but that he did give a $2,000 note (indorsed by the same party), which was paid, and that this note of $2,000 was not any part of the price of the brewery. After the giving of these notes, however, Hammersen received a deed of the brewery. He further testified that at the time he gave the note to Fromme he told all about Hellerson's indorsement.

In answer to the question: "What did you tell him?" he answered: "I told him that Mr. Hellerson was a good friend of mine and he indorsed this note, and the way he told me. Q. Did you tell him whether or not Mr. Hellerson had any consideration for indorsing it? A. No. Q. Did you tell him whether or not it was an accommodation indorsement for you? A. I told him what I said before; it was only given to be in the hands of Mr. Fromme to make business quicker. Q. Did you express to Mr. Fromme whether or not Mr. Hellerson was paid anything for indorsing it? A. No, sir. Q. Did you tell Mr. Fromme in any way that Hellerson only indorsed this note out of friendship for you? A. Yes, sir; I did."

It further appears in the evidence that both of these notes were brought by Manning to the plaintiff, to which he was indebted, and that the plaintiff, having inquired in regard to the responsibility of Hellerson, took the same in payment of a note of Manning for $5,000, which they held, and surrendered 500 shares of the Standard Brewing Company of Baltimore which were held as collateral.

Upon this state of facts the court directed a verdict in favor of the plaintiff.

It is urged that Mr. Fromme was the attorney of the bank and that he was told that this note was indorsed by Hellerson for no purpose whatever except as an accommodation to Hammersen. The parties have refrained from explaining what accommodation the

indorsement of a note, not to be used and upon which no liability was to be incurred, could be to any party.   It is entirely clear from the evidence in this case that Hammersen told nothing to Fromme, except the fact that Hellerson was an accommodation indorser.   He did not say to Fromme that the note was not to be used and that no liability was ever to be incurred upon it.   But, assuming that he did, Fromme was certainly, in this transaction, not acting for the bank, but for Hammersen, endeavoring to further Hammersen's desire to get a deed of the brewery, which he did receive upon the giving of these notes.   They were handed over to Manning and by Manning were taken to the bank and given to it in exchange for certain shares of stock pledged by Manning as collateral.   It is clear that in this part of the transaction Fromme was acting not as the attorney for the bank but for Hammersen.   He was attending to Hammersen's business, and not that of the bank, and whatever knowledge he had in regard to the origin of the note could not be imputed to the bank because he was not acting for the bank.   He did not receive the notes upon the part of the bank, but, on the contrary, received them for the purposes of the transaction with Manning, handed them over to Manning, and Manning took them to the bank which received them without any notice of this remarkable agreement, that these indorsements were made simply for child's play.

We think that, under these circumstances, there was no foundation for the claim that Fromme's knowledge, if he had any, as to this remarkable contract in regard to these indorsements, was to be imputed to the bank.

The judgment and order should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.